UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRETCHEN L. WALKER, | ) | CASE NO. 1:15-cv-1234 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| DEFENDANT. | ) ) | |

Before the Court is the motion of plaintiff Gretchen L. Walker ("Walker" or "plaintiff") for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. No. 17.) The Acting Commissioner of Social Security ("Commissioner" or "defendant") has filed a brief in opposition (Doc. No. 18) and plaintiff filed a reply (styled as a "response to opposition"). (Doc. No. 19). For the reasons discussed herein, the motion is granted.

## I. BACKGROUND

Walker filed the instant action on June 19, 2015, seeking review of the Commissioner's denial of her applications for period of disability ("POD"), disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. No. 1.) On December 28, 2015, the Court adopted the expressly unopposed[1] Report and Recommendation ("R&R") of the magistrate judge, reversing the Commissioner's decision and remanding the case, under sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the R&R. (Doc. No. 16.)

---

[1] *See* Doc. No. 15.

Walker moves for attorney fees in the amount of $3,496.50, representing 18.9 hours of service provided by Attorney Linda S. Pettit, at an hourly rate of $185.00.[2] The Commissioner opposes the request, arguing that the government's position during the administrative proceedings was substantially justified.

## II. DISCUSSION

The EAJA requires the government to pay a prevailing social security plaintiff's attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Pierce v. Underwood*, 487 U.S. 552, 556, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988); *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004).

Defendant's opposition to the motion includes no challenge to plaintiff's prevailing party status, or to the number of hours or the hourly rate, or to the total fees sought.[3] Defendant's only argument is that the government's position was "substantially justified," which requires a showing that it was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. A position can be justified "even though it is not correct, and … can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566, n. 2. "[Remand] alone is not a proper basis for the allowance of fees and expenses under the [EAJA]." *Couch v. Sec'y of HHS*, 749 F.2d 359, 360 (6th Cir. 1984). Defendant bears the burden of establishing that her position was substantially

---

[2] In the reply brief, plaintiff requests $4,088, presumably due to the fact that a reply brief was required. She states that she will supply a supplemental EAJA application and itemized time sheet (Reply at 887), but has not done so. (All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.)

[3] Defendant asserts that any fees awarded must be paid to plaintiff directly, not to her attorney. In the reply brief, plaintiff supplies an assignment of EAJA fees to her attorney. (Doc. No. 19-1.) The reply also recognizes that any payment would first be subject to setoff if plaintiff has any outstanding federal debt. (Doc. No. 19 at 886, citing *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).)

justified. *Irizarry v. Colvin*, No. 1:13-cv-02161, 2015 WL 3755978, at *3 (N.D. Ohio June 16, 2015) (citations omitted). "Plaintiff is presumptively entitled to attorney's fees unless the government can meet its burden[.]" *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008).

Defendant relies on *Gray v. Comm'r of Soc. Sec.*, 23 F. App'x 436 (6th Cir. 2001), asserting that it stands for the proposition that attorney fees are not warranted where a case is remanded for further proceedings, not to award benefits. In *Gray*, a magistrate judge recommended affirming the Commissioner's decision to deny benefits, but the district court rejected that recommendation and remanded the case for further proceedings due to an error of law. The Sixth Circuit affirmed the district court's denial of EAJA fees, concluding that the differing conclusions of the two judicial officers suggested that "a reasonable person could believe that the denial of benefits was correct." *Id.* at 437. The Court is not persuaded that *Gray* offers guidance here.

The instant case is more akin to *Irizarry*, where the ALJ "failed to address altogether" certain social functioning limitations assigned by one of the plaintiff's physicians. "[N]othing in the ALJ's decision explained the omission of those limitations from Plaintiff's RFC." *Irizarry*, 2015 WL 3755978 at *4. This failure "violated a well-established rule," *id.*, and "resulted in … a substantive error that rendered this issue unreviewable[.]" *Id.* As a result, the court concluded in *Irizarry* that the Commissioner's position was not substantially justified and plaintiff was entitled to EAJA fees.

Similarly, in this case, the R&R concluded, with no objections from either party and with this Court's agreement, that the ALJ had reached a decision to deny benefits without properly completing the legal analysis at Step Three by applying SSR 12-2p. The ALJ seemed to have

simply ignored the possible effect of plaintiff's fibromyalgia and failed to determine whether it medically equaled a listing or combined with another impairment to equal a listing. As correctly argued by plaintiff in her reply brief, "the ALJ failed to follow the Commissioner's only Social Security Ruling pertaining to the evaluation of fibromyalgia." (Reply at 885.) Without that required analysis, one cannot conclude that the government's position to deny benefits was "substantially justified." Plaintiff is, therefore, entitled to EAJA fees.

As already noted, defendant does not challenge the hours, the rate, or the total amount of fees. The Court, too, finds no fault in plaintiff's request in that respect, other than to note that she has not offered any evidentiary justification for the increased total requested in the reply brief. The difference in the two requests suggests that counsel devoted a little more than 3 hours to drafting the reply brief. The Court will allow only 2.0 hours, given the brevity of the brief, the very limited additional substance that it offered to the analysis, and the lack of any evidence to substantiate 3 hours. Therefore, the Court will award $3,496.50 (18.9 hours @ $185/hr), plus $370.00 (2.0 hours @ $185/hr), for a total of $3,866.50.

Defendant also asserts that, if EAJA fees are granted, payment must be made to plaintiff, not to the attorney. But plaintiff has supplied an assignment of EAJA fees that addresses this challenge and permits payment to the attorney with proper setoffs in place.[4] The Court shall order accordingly.

---

[4] *See*, *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010) (holding that EAJA fees are payable to the plaintiff and are subject to setoff if the plaintiff has outstanding federal debts and recognizing that the payment could be made directly to a plaintiff's attorney only in cases where the plaintiff both owes no debt to the government and had assigned any right to EAJA fees to the attorney).

## III. CONCLUSION

For the reasons set forth herein, plaintiff's application for EAJA attorney fees (Doc. No. 17) is granted. The Court will, by separate order, enter an award of $3,866.50, subject to the provisions of *Astrue*, *supra*.

**IT IS SO ORDERED**.

Dated: November 30, 2016

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**